UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| MICHAEL ANDREW KITCHEN-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:05-cv-267 |
| | ) | |
| v. | ) | HON. R. ALLAN EDGAR |
| | ) | |
| MICHIGAN DEPARTMENT OF CORRECTIONS, et al., | ) ) ) | |
| | ) | **OPINION** |
| Defendants. | ) ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.  The court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). Applying these standards, the court will dismiss Plaintiff's complaint, in part, for failure to state a claim.  In addition, the court will dismiss the remainder of Plaintiff's complaint for failure to exhaust administrative remedies.

**Discussion**

I.  Factual Allegations

Plaintiff Michael Andrew Kitchen-Bey #189265, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Michigan Department of Corrections (MDOC), Prisoner Hoskins #202527, MDOC Director Patricia Caruso, MDOC Regional Administrator Christopher Crysler, Ojibway Correctional Facility (OCF) Warden Cindi Curtin, AMF Warden Tim Luoma, OCF Assistant Deputy Warden David Pratt, AMF Assistant Deputy Warden William Luetzow, OCF Acting Inspector Unknown Winn, AMF Inspector Daniel Ezrow, AMF Resident Unit Manager Unknown Jondreau, AMF Resident Unit Supervisor Unknown Perttu, AMF Captain Unknown Chappell, AMF Lieutenant Unknown Yankovich, AMF Sergeant Unknown Obiden, AMF Corrections Officer Unknown McKenzie, OCF Corrections Officer Unknown Wade, AMF Corrections Officer Unknown Tremble, Corrections Officer Unknown Loveless, and AMF Corrections Officer Unknown Ekdahl.

In his complaint, Plaintiff alleges that Defendants engaged in a variety of unconstitutional behavior, which violated his rights under the First, Eighth and Fourteenth Amendments, as well as his rights under state law. Plaintiff seeks damages, as well as declaratory and injunctive relief.

II.  Lack of exhaustion of available administrative remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 122 S. Ct. 983 (2002); *Booth v. Churner*, 532 U.S. 731, 121 S. Ct. 1819 (2001).

The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 122 S. Ct. at 984; *Booth*, 532 U.S. at 741,121 S. Ct. at 1824. A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available. *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S. Ct. 634 (2000). A prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

Plaintiff's claims are the type of claims that may be grieved. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective Nov. 1, 2000); ¶ II (may grieve brutality and corruption by prison staff); ¶ J (may grieve acts of reprisal for using the grievance process or for assisting others in filing grievances) (effective Oct. 11, 1999 and Nov. 1, 2000). The burden to allege and show exhaustion belongs to Plaintiff. *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104. This requirement is "so that the district court may intelligently decide if the issues raised can be decided on the merits." *Knuckles El*, 215 F.3d at 642.

A review of Plaintiff's complaint, as well as the attachments thereto, reveals that Plaintiff filed a step I, II and III grievance with regard to his claim that his security level was improperly increased, which named Defendants Caruso, Crysler, Luoma, and Luetzow. Plaintiff filed a step I, II and III grievance regarding the deprivation of his religious property which named Defendants Wade and Winn. Therefore, it appears that Plaintiff exhausted his administrative remedies with regard to these claims. However, it does not appear that Plaintiff properly exhausted his remedies with regard to his remaining claims prior to filing this complaint.

The court notes that Plaintiff filed a step I grievance regarding the deprivation of religious and personal property, which named Defendants McKenzie and Ezrow. Plaintiff claims that he filed a step II appeal in relation to this grievance on October 21, 2005, and that he had not yet received a step II response at the time he filed his complaint. On August 29, 2005, Plaintiff filed a grievance regarding the allegedly improper strip search, cell search and seizure of religious and personal property, which named Defendants Loveless, Tremble, Obiden, Caruso, Luoma, Luetzow, Ezrow, Jondreau, Perttu, Chappell and Yankovich. Plaintiff claims that he appealed the denial of this grievance to step III, which was filed on October 18, 2005, fifteen days before he filed the instant complaint. However, Plaintiff did not wait to receive a step III response before filing his complaint, despite the fact that the Policy provides that up to ninety calendar days may elapse from the filing of the Step I grievance to the Step III response. Policy Directive 03.02.130, ¶ U (effective Dec. 19, 2003).

The court notes that § 1997(e) requires prisoners to exhaust their administrative remedies *prior* to filing suit. They may not exhaust these remedies during the pendency of the action, *see Freeman v. Francis,* 196 F.3d 641, 643 (6th Cir.1999), nor can they abandon the process before

completion and claim that they exhausted their remedies. *See Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999). The documents submitted by Plaintiff suggest that he did not wait for the step III response to one of his grievances, nor did he bother to file a step III appeal with regard to another one of his grievances prior to bringing this civil action. Finally, the court notes that it does not appear that Plaintiff ever filed a grievance naming Defendants MDOC, Hoskins, Curtin, Pratt, and Ekdahl. Consequently, he has not satisfied his burden to demonstrate exhaustion of administrative remedies with regard to the majority of his claims.

Because Plaintiff has only exhausted his claims with regard to some of the named Defendants, the Court will dismiss his action pursuant to the "total exhaustion" rule. Under the total exhaustion rule, the presence of an unexhausted claim results in the dismissal of the entire action. *Jones Bey v. Johnson, et al.*, 407 F.3d 801 (6th Cir. 2005). Dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997). Accordingly, the Court will dismiss Plaintiff's action without prejudice.

However, the Court need not first require exhaustion of available administrative remedies when the claim may be dismissed because it is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Because Plaintiff's complaint fails to state a claim against

Defendants MDOC and Hoskins, the court will dismiss those Defendants with prejudice without first requiring Plaintiff to exhaust any available administrative remedies.

### III. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177, 114 S. Ct. 1218 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994).

Under *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S. Ct. 2304 (1989), a suit against a state, a state agency, or a state official in his official capacity, is not a suit against a "person" under Section 1983. *Id.* Thus, such entities are not subject to suit under 42 U.S.C. § 1983. In addition, it is well established that the Eleventh Amendment bars suit against the State or one of its agencies in federal court unless the state has given express consent, regardless of the relief sought. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 3058 (1978) (State and Board of Corrections). The State of Michigan has not consented to civil rights suits in the federal courts.

*See Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). The Eleventh Amendment therefore bars Plaintiff's claims against the Michigan Department of Corrections (MDOC).

The inmate Defendant Hoskins named by Plaintiff in this case is properly dismissed because a defendant must be a state actor, that is, someone who acts "under color of any statute, ordinance, regulation, custom, or usage, of any State ..." to be found liable under § 1983. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982).

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's claims against Defendants MDOC and Hoskins for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c). In addition, the Court will dismiss the remainder of Plaintiff's claims against Defendants Caruso, Crysler, Curtin, Luoma, Pratt, Luetzow, Winn, Ezrow, Jondreau, Perttu, Chappell, Yankovich, Obiden, McKenzie, Wade, Tremble, Loveless, and Ekdahl without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Dated:      1/10/06                      /s/ R. Allan Edgar
                                     R. ALLAN EDGAR
                                     UNITED STATES DISTRICT JUDGE